UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL JOSEPH CORMIER,

    Petitioner,

v.                                  Case No. 5:07-cv-060-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

    Respondents.
_____

## ORDER DENYING PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his convictions from the Circuit Court in and for Marion County, Florida. The Petition, the Response to the Petition and the record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

## Convictions and Sentences

This action stems from Petitioner's convictions of fleeing or attempting to elude, resisting two law enforcement officers with violence, driving with license suspended or revoked, and soliciting for prostitution.[1] Petitioner was sentenced to 17 years imprisonment on count one, five years on counts two and three, and time

---

[1] Doc. 8, App. A.

served on counts four and five.[2] All terms were ordered to run concurrently. On appeal, Petitioner's convictions and sentences were *per curiam* affirmed. See Cormier v. State, 871 So. 2d 895 (Fla. 5th DCA 2004).

On December 27, 2004, Petitioner filed a FLA. R. CRIM. P. 3.850 motion.[3] The trial court held an evidentiary hearing on one ground and summarily denied the other grounds.[4] The trial court denied Petitioner's motion and on appeal, the trial court was *per curiam* affirmed in an order dated October 31, 2006.[5] See Cormier v. State, 942 So. 2d 894 (Fla. 5th DCA 2006). On February 14, 2007, Petitioner executed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), in which he claims seven grounds of ineffective assistance of counsel.

## **Timeliness of Petition**

Respondents concede the Petition is timely filed within the one-year limitation period provided by 28 U.S.C. §2244(d)(1).

## **Exhaustion/Procedural Bars**

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have

---

[2] Doc. 8, App. D.

[3] Doc. 8, App. H.

[4] Doc. 8, App. J.

[5] Doc. 8, App. O.

2

presented his claims in state court in a procedurally correct manner."[6]  Respondents state that Petitioner raised all of his claims in his Rule 3.850 motion.  However, Respondents maintain that Petitioner's claims two through six, which all relate to alleged ineffective assistance of trial counsel, are procedurally barred because the state trial court summarily denied these claims as procedurally barred.  The state court denied these claims stating:

> The issues of the adequacy and admission of the *Williams* rule evidence are issues which were or could have been raised on direct appeal, and thus, foreclosed from considerations.  A rule 3.850 motion based upon grounds which either were or could have been raised as issues on appeal may be summarily denied.  Defendant's claims that his attorney could have argued more effectively will also be summarily denied.  An issue rejected on direct appeal may not simply be realleged as a claim for ineffective assistance of counsel.[7]

A petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[8]  Thus, the Court agrees that these claims are procedurally barred.  Petitioner has failed to demonstrate any cause and prejudice for the procedural default.

### **Standard of Review**

The role of a federal habeas court when reviewing a state prisoner's

---

[6] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[7] Doc. 8, App. J, pg. 76-77 (internal citations omitted).

[8] Coleman v. Thompson, 501 U.S. 722, 729-30, *reh'g denied*, 501 U.S. 1277 (1991).

application pursuant to 28 U.S.C. § 2254 is limited.[9]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[10]  The "contrary to" and "unreasonable application" clauses provide separate bases for review.[11]  The state court's findings as to witness credibility are presumptively correct.  See Brown v. Head, 272 F.3d 1308, 1314 (11th Cir. 2001).

### Ineffective Assistance of Counsel

In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[12]  Both prongs must be shown in order to succeed on an ineffective-assistance claim.  Further, to prove prejudice, a Petitioner must show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors.

---

[9] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[10] See 28 U.S.C. § 2254(d)(1)- (2).

[11] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[12] Strickland v. Washington, 466 U.S. 668, 688 (1984).

4

When reviewing an ineffective assistance of counsel claim, the court's role "is not to grade counsel's performance;" instead, the court's role is to conduct an objective inquiry and determine "whether counsel's performance [was] reasonable under prevailing professional norms." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (internal quotations and citation omitted). Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 1314. "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy." Id. (quoting Darden v. Wainwright, 477 U.S. 168 (1986)). To overcome the strong presumption in favor of competence, the petitioner bears the burden of establishing "that no competent counsel would have taken the action that his counsel did take." Id. at 1314-15.

## **Discussion**

Petitioner's first claim of ineffective assistance of counsel is that counsel failed to properly follow up on a speedy trial demand. The state trial court held an evidentiary hearing on this claim, after which the court denied the claim finding:

> [D]efense counsel Drew Cooper testified that he filed a demand for speedy trial on July 3, 2002. Cooper then received a report from an essential expert witness, so he sought a continuance. Cooper later filed a second demand for speedy trial and the trial was held with[in] the sixty days of the demand.[13]

---

[13] Doc. 8, Ex. L.

This claim is due to be denied because Petitioner has failed to show that the state court's determination that his counsel was not ineffective was contrary to, or an unreasonable application of, federal law.

In Petitioner's remaining ground, he claims counsel improperly conceded Petitioner's guilt on the solicitation for prostitution count. The trial court summarily denied this claim, first finding the record did not support the claim. Applying <u>Strickland</u>, the trial court also found Petitioner failed to show that counsel's errors were so serious as to deprive him a right to a fair trial. Upon due consideration, this claim is due to be denied. Petitioner has pointed to nothing that suggests that the trial court's factual determinations were unreasonable or that the trial court's rejection of this claim was contrary to, or an unreasonable application, of <u>Strickland</u>. Accordingly, Petitioner has not shown that he is entitled to federal habeas relief.

## Conclusion

For the foregoing reasons, the Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 30th day of March 2010.

_____
UNITED STATES DISTRICT JUDGE

c: Paul Joseph Cormier
  Counsel of Record

6